IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ANTHONY JOE, II,                :
                                :
        Plaintiff               :
                                :
VS.                             :
                                :   CIVIL No: 5:13-CV-0457-MTT-CHW
CYNTHIA NELSON, *et. al.*,      :
                                :
        Defendants              :

## ORDER

Plaintiff **ANTHONY JOE, II,** an inmate currently confined at Macon State Prison in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983 and is proceeding in this case *in forma pauperis*. After construing all allegations in the Complaint liberally and in the light most favorable to Plaintiff, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Plaintiff's Complaint is accordingly **DISMISSED** without prejudice, pursuant to §1915A(b)(1), for failure to state a claim.[1]

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less

---

[1] Because it appeared, on the face of Plaintiff's *pro se* pleading, that Plaintiff had not fully exhausted his administrative remedies, the Court previously directed Plaintiff to show cause why his complaint should not be dismissed for lack of exhaustion. Plaintiff complied and filed a supplement on January 21, 2014. The Court has reviewed this submission and cannot yet determine whether Plaintiff fully exhausted his administrative remedies. His Complaint will, therefore, not be dismissed on this ground. *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

stringent standard than pleadings drafted by attorneys" and will be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed broadly and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See *Twombly*, 550 U.S. at 555-56.

## ANALYSIS OF CLAIMS

The present action arises out of an alleged lack of sanitation in the lockdown unit at Macon State Prison. Plaintiff's Complaint alleges that he was confined in the "H2 lockdown unit" for forty days, that "cell sanitation" was only conducted three times during that period, and that Defendants were personally aware of these conditions and ignored his multiple requests for more frequent cleaning. Though Plaintiff's Complaint is quite vague as to the exact conditions of his cell between cleanings, he does allege that a dog once left drool on his floor after a "shake down" and that, on another occasion, water on his floor (from a "toilet . . . or wherever") was ignored for hours before officials finally provided Plaintiff with something to push it out of his cell. Plaintiff also alleges that he

caught and killed a rat he found in an open chip bag that Plaintiff (or his roommate) left on the cell floor.  Plaintiff then kept the dead rat for three days to show prison officials, which of course caused his cell to smell.  When officials were told of the dead rat and the smell, Plaintiff and his roommate were transferred to another cell, though the new cell was apparently also "very dirty."

Even when construed liberally and read in the light most favorable to Plaintiff, the factual allegations in Plaintiff's Complaint do not describe the sort of "extreme" deprivation that an Eighth Amendment claim demands.  See *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).  To prevail on a conditions of confinement claim, a prisoner must show that his conditions are objectively and sufficiently "serious," or "extreme," so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004), or if society otherwise "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 37, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).  Thus, "limited periods of incarceration in unsanitary conditions are generally insufficient to evidence an Eighth Amendment violation." *Mckissick v. Owens*, No. CV 312–065, 2013 WL 1213087, at *2 (S.D. Ga. Feb. 21, 2013).

The conditions described in Plaintiff's Complaint neither pose an unreasonable risk of serious damage to his health nor offend the contemporary standards of decency. *See e.g., Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) (living with a toilet that occasionally overflows "is unpleasant but not necessarily unconstitutional"); *Smith v.*

*Copeland*, 87 F.3d 265, 268–69 (8th Cir.1996) (overflowed toilet in cell for 4 days was not unconstitutional); *Brown v. Withrow*, 985 F.2d 559, 559 (6th Cir. 1993) (having rats, roaches and ants present in the cell is not below the constitutional standard).  Although Plaintiff's confinement may be unpleasant times, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights.  *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) ("the Constitution does not mandate comfortable prisons").  Plaintiff is of course residing in a prison; and prisons are not expected to be free of discomfort. *Id.*  "Indeed routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the amenities, conveniences, and services of a good hotel."  *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004).

Even if Plaintiff had stated a claim for relief, he does not allege that he suffered any physical injury as a result of his forty-day stint in these conditions.  In the absence of a physical injury, Plaintiff is precluded from recovering compensatory or punitive damages. *See* 42 U.S.C. § 1997e(e); *Al-Amin v. Smith*, 637 F.3d 1192, 1999 (11th Cir. 2011).  His request for prospective injunctive is also likely moot, as Plaintiff alleges that he was released from the H2 lockdown unit on December 2, 2012.

To the extent that the Court is required to consider a potential First Amendment claim based on Plaintiff's allegation that water left on his floor interfered with his daily prayers, the Court finds such allegations do not state a free exercise claim.  Inasmuch, Plaintiff has not alleged facts to show that the slight inconvenience of having water on his floor for a few hours imposed "a substantial burden" on the free exercise of his religious beliefs. *See Lone v. Estate of Shabazz*, 482 U.S. 342, 348–53, 107 S.Ct. 2400, 96

L.Ed.2d 282 (1987).

Plaintiff's Complaint is accordingly **DISMISSED** without prejudice for failure to state a claim, under 28 U.S.C. §1915A(b)(1).

**SO ORDERED** this 4th day of February, 2014.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr